IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JOEL TIREY, #399591**                                                **PLAINTIFF**

**v.**                                               **CIVIL NO. 1:16CV396LG-RHW**

**SUPERVISOR "UNKNOWN" ARCHIE, et al.**                    **DEFENDANTS**

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte for consideration of dismissal. After consideration of the record in this case and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

Pro se Plaintiff Joel Tirey ("Plaintiff") initiated this action pursuant to 42 U.S.C. § 1983 on November 3, 2016. Petitioner was an inmate of the Harrison County Adult Detention Center, Gulfport, Mississippi, when he filed the instant civil action. (Compl. 1, ECF No. 1). Plaintiff filed a Notice of Change of Address [4] on November 8, 2016.

Prior to Plaintiff's Notice of Change of Address [4], the Magistrate Judge entered an Order on November 4, 2016, which advised Plaintiff of certain provisions of the Prison Litigation Reform Act, Title 28, United States Code, Section 1915 and Section 1932, and Section 47-5-138 of the Mississippi Code of 1972, for Plaintiff's consideration in determining whether to proceed with this action. Order [3]. The

Order required Plaintiff to file an Acknowledgment of Receipt or a Notice of Voluntary Dismissal within 30 days. *Id.* at 1-2. That Order [3] warned Plaintiff that his failure to timely comply with the Orders or his failure to keep the Court informed of his current address could lead to the dismissal of his case. A copy of that Order [3] was subsequently mailed to Plaintiff at his new address on November 15, 2016. Plaintiff did not file the required documentation or otherwise respond to this Order.

On December 19, 2016, the Magistrate Judge entered an Order to Show Cause [7] requiring that Plaintiff, on or before January 11, 2017: (1) file a written response, showing cause why this case should not be dismissed for Plaintiff's failure to comply with the Court's prior Order [3]; and (2) comply with the Court's prior Order [3] by filing the required documentation. Order [7] at 1-2. Plaintiff was cautioned that his "failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in this cause being dismissed without prejudice." *Id.* at 2. The envelope [8] containing the Order to Show Cause [7] was returned by the Postal Service with a notation "inmate no longer at this facility" and "return to sender - refused - unable to forward." Plaintiff did not respond to this Order [7] or provide a change of address.

Since Plaintiff is proceeding pro se, he was provided one final opportunity to comply with the Court's Orders. On January 26, 2017, the Magistrate Judge entered a Final Order to Show Cause [9]. That Order [9] directed that on or before February 10, 2017, Plaintiff: (1) file a written response, showing cause why this

2

case should not be dismissed for Plaintiff's failure to comply with the Court's previous Orders; and (2) comply with the Court's previous Orders by filing the required documentation. Order [9] at 2. Plaintiff was warned that his "failure to advise the Court of a change of address or failure to timely comply with any order of the Court will be deemed as a purposeful delay and contumacious act by Plaintiff and **will result** in this cause being dismissed without prejudice and without further notice to Plaintiff." *Id*. at 2. The envelope [10] containing this Order was returned by the Postal Service with a notation "inmate no longer at this facility" and "return to sender, refused, unable to forward." Plaintiff did not respond to this Order or provide a change of address.

## II. DISCUSSION

This Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

Plaintiff did not comply with the Orders entered by the Magistrate Judge even after being warned several times that failure to do so would result in the

dismissal of his case. Order [3] at 2; Order [7] at 2; Order [9] at 2. Plaintiff has not responded to the Court's Orders or otherwise contacted the Court since he filed his Notice of Change of Address [4] on November 8, 2016. Such inaction presents a clear record of delay or contumacious conduct by Plaintiff. It is apparent that Plaintiff no longer wishes to pursue this lawsuit. As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile. *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005). Dismissal without prejudice is warranted.

### III. CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 27th day of February, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE